### S. H. Cummins, Appellee, v. D. A. Drennan, Appellant.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*must not invade province of jury.* An instruction is improper as invading the province of the jury which undertakes to tell them that if certain facts are shown and others are not shown, then a particular verdict should be rendered.

Action commenced before justice of the peace. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

MASTERS & MASTERS, for appellant.

W. S. GREER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This was an action originally brought before a justice of the peace by appellee to recover from appellant compensation for professional services, claimed to have been performed as an attorney at law for appellant. Trial was had by jury which resulted in judgment for appellee for $176.16, and it is to reverse that judgment this appeal is prosecuted.

In this case appellee claims that he was employed by appellant in regard to three matters; one being known as the Ankrom, another in regard to the right of way to a railroad company, and the third, a criminal case;

the appellee contending that appellant made a distinct employment of his services in each of said matters and that he performed services therein and is entitled to recover therefor.

The contention of appellee is vigorously contested by appellant and each and every act claimed to have been performed by appellee for appellant, at his request, is positively and distinctly denied by appellant, and there is no possibility of reconciling the testimony in this case. There is some evidence in this record tending to corroborate the appellee in his claim that he was employed by appellant and there is proof tending to corroborate him in the fact that he performed some of the services claimed to be performed.

The evidence disclosed that in regard to the indictment, which was rendered against appellant by the grand jury of Sangamon county, appellee did appear and argue a motion to quash this indictment, and one other witness testifies as to having heard the Campbell matter discussed in Cummins' office by Cummins and Drennan, and the Campbell matter is the one out of which the indictment originated. While if the matter was originally tried by this court, it might not have been willing to have found as the jury did, the matter involved in this controversy is purely a question of fact, and it was the province of the jury to hear this testimony and determine the questions of fact between these parties. Where the evidence is as conflicting as in this case, and there is evidence tending to support the verdict of the jury, and where we are not prepared to say that the verdict is clearly against the weight of the evidence, this court ought not disturb the finding of the jury upon the questions of fact.

Counsel for appellant insists that instruction "A" offered on his behalf and refused by the trial court should have been given. This instruction invaded the province of the jury in undertaking to tell them if certain facts are shown and others are not shown, then the verdict must be for the defendant. The instruction is.

based upon the theory that there is no evidence or circumstances corroborating either appellant or appellee and does not attempt to inform the jury of their duty, if there is such corroborating testimony, and it took from the jury the right and the duty to determine from all the evidence in the case upon which side the greater weight of evidence was, and determine the facts accordingly. The instruction was properly refused.

There being no substantial error in this record, the judgment is affirmed.

*Affirmed.*